

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable B. F. McKee
County Auditor
Hidalgo County
Edinberg, Texas

Dear Sir:

Opinion No. O-4901
Re: Are certificates of recorda-
tion from other counties con-
sidered part of the instrument
to be recorded and charged
for?

  Your letter of September 30, 1942, requesting an opinion of this department, reads:

  "Please advise if instruments offered for recording in this county and bearing Clerks' certificates of other counties should have these certificates considered part of the instrument.

  "In other words, an instrument that would ordinarily cost $1.00 for recording may contain six or eight certificates showing record-ing data in other counties. Should we type these certificates in our records as part of the in-strument and charge filing fees accordingly, or should we record only the instrument, omitting the Clerks' certificates and charge accordingly?"

  By the term "certificates" showing recording data in other counties, we understand your request as referring to a clerks' certification to the recording of an instrument as provided for by Article 6596, Revised Civil Statutes, 1925.

  Article 6591, Revised Civil Statutes, 1925, provides:

  "County clerks shall be the recorders for their respective counties; they shall provide and keep in their offices well bound books in which they shall

record all instruments of writing authorized or required to be recorded in the county clerk's office in the manner hereinafter provided."

Article 6594 of said statutes, provides:

"When any instrument of writing authorized by law to be recorded shall be deposited in the county clerk's office for record, if the same is acknowledged or proved in the manner prescribed by law for record, the clerk shall enter in a book to be provided for that purpose, in alphabetical order, the names of the parties and date and nature thereof, and the time of delivery for record; and shall give to the person depositing the same, if required, a receipt specifying the particulars thereof."

Article 6595 of said statutes, provides:

"Each recorder shall, without delay, record every instrument of writing authorized to be recorded by him, which is deposited with him for record, with the acknowledgments, proofs, affidavits and certificates thereto attached, in the order deposited for record by entering them word for word and letter for letter, and noting at the foot of the record the hour and the day of the month and year when the instrument so recorded was deposited in his office for record."

Article 6596 of said statutes, providing for the clerk's certification as mentioned above, provides:

"Every such instrument shall be considered as recorded from the time it was deposited for record; and the clerk shall certify under his hand and seal of office to every such instrument of writing so recorded, the hour, day, month and year when he recorded it, and the book and page or pages in which it is recorded; and when recorded deliver the same to the party entitled thereto."

Article 6595, supra, requires the clerk to record without delay every instrument of writing authorized to be recorded by him which is deposited with him for record, with the acknowledgments, proofs, affidavits and certificates thereto attached. The clerk's certification to the instrument, containing the data as provided in Article 6596, supra, being mere evidence of the act of recording, is not within the provisions of Article 6595 requiring it to be recorded as a part of the instrument itself. The clerk's authority to record such instrument is not in any wise conditioned upon such a certificate evidencing the instrument's having been recorded in another county.

It is therefore the opinion of this department that the clerk's certificate on recording an instrument as provided in Article 6596, Revised Civil Statutes, 1925, is not considered a part of such instrument requiring it to be recorded where the instrument otherwise authorized to be recorded is deposited for record in another county.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WJRK:db

, 1942

Gerald C. Mann